h GASKINS, J.
The defendant, Carlton Stockman, was initially charged with one count each of possession of marijuana with intent to distribute and conspiracy to distribute marijuana, the former being a violation of La. R.S. 40:966 punishable by imprisonment at hard labor for not less than five nor more than 30 years plus a fine of not more than $50,000. The parties entered into a plea bargain under which the state agreed to dismiss the conspiracy charge. The court sentenced the defendant to serve 10 years at hard labor and denied a timely motion for reconsideration of sentence. The defendant now appeals the sentence as excessive. We affirm.
In August 2001, the defendant contacted an individual in Franklin Parish and expressed a desire to purchase a large quantity of marijuana. The putative seller, who was a confidential informant (Cl), arranged to transfer three pounds of the marijuana to the defendant at a Winnsboro motel. The defendant bargained with the Cl over the price and then took delivery for $600 per pound. The police, who had monitored and videotaped the transaction, arrested the defendant at that time. The North Louisiana Criminalistics Laboratory confirmed the identity of the contraband as marijuana.
Prior to imposing sentence, the court reviewed a PSI report and considered the facts of the case. The court noted that the defendant had told the police he wanted more than three pounds and that he intended to sell the marijuana. At the time of the instant offense, he was on felony supervision from Texas for a conviction of possession of more than five pounds of marijuana. Law enforcement officials from two parishes told the court that 12the defendant had been distributing methamphetamine and marijuana for an extended period of time. The court considered the defendant’s social history, including his marriages and his adult children, and his employment record. The court also noted that the defendant had a lengthy criminal history, consisting mostly of drug offenses. The court found that a lesser sentence would deprecate the seriousness of the *455 offense and that the defendant was in need of custodial treatment.
On this record, we do not find constitutional error. The sentence imposed is lawful, being within the lower third of the sentencing range available to the court. The sentence is not grossly disproportionate to the severity of the offense or shocking to the sense of justice considering the defendant’s history and the facts of the case. Although he was 65 years old at the time of the instant offense, he had prior felony drug convictions which negate appellate defense counsel’s claim that he is unlikely to be a repeat offender.[1] The PSI report informed the court about the defendant’s social history, his education, and his work record. There is no showing of an abuse of the trial court’s discretion in the imposition of this sentence which, under the circumstances, is not constitutionally excessive.
The conviction and sentence are affirmed.
AFFIRMED.

. Past records of drug offenses weigh heavily in the decision to uphold the imposition of even maximum sentences. State v. Jones, 33,-111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 2000-1467 (La.2/2/01), 783 So.2d 385.